SCHEB, Judge.
On January 22, 1976, the trial court accepted appellant’s plea of guilty to felony possession of marijuana, and placed him on probation for two years. Adjudication of guilt was withheld. Approximately ten months later appellant was arrested and charged with sale of marijuana. On November 30, 1976, an affidavit was filed charging that he had violated condition (4) of the terms of his probation by failing to live and remain at liberty without violating any law, by virtue of his arrest for sale of marijuana.
On December 6, 1976, a hearing on the charge of violating probation was held. Appellant appeared with counsel and while the record does not disclose that he expressly denied the charge, his denial was implicit from the tenor of the brief hearing. Upon being advised that the charge of sale of marijuana was still pending, the trial judge ordered the appellant incarcerated. Immediately the court set appellant’s bail at $5,000. The procedure was termed a “temporary revocation” by. the state attorney and the trial judge.
Appellant argues that his probation has been unlawfully, albeit temporarily, revoked solely on the basis of the advice to the court of the arrest of appellant. However inartful it may be to term the procedure “temporary revocation” we must look to the substance of what occurred. Since appellant did not admit to any violation of his probation he was released on bail as provided by Section 948.06(1), Florida Statutes (1975). We therefore construe the trial judge’s order of December 6, 1976, not as a temporary revocation of probation but rather as admission to bail pending a hearing. Accordingly, as construed herein we affirm the trial judge’s order and remand this cause with directions to the trial court to forthwith conduct a hearing on the question of whether appellant’s probation should be revoked.
Affirmed and remanded with directions.
BOARDMAN, C. J., and OTT, J., concur.